**EXHIBIT A**

ELECTRONICALLY FILED
5/5/2017 4:09:34 PM
Kern County Superior Court
Terry McNally
By Raquel Sanchez, Deputy

Douglas Han (State Bar No. 232858)
Shunt Tatavos-Gharajeh (SBN 272164)
Daniel J. Park (SBN 274973)
Joy M. Llaguno (SBN 311867)
**JUSTICE LAW CORPORATION**
411 North Central Avenue, Suite 500
Glendale, California 91203
Telephone: (818) 230-7502
Facsimile: (818) 230-7259

*Attorneys for* Plaintiff

## SUPERIOR COURT OF THE STATE OF CALIFORNIA

## FOR THE COUNTY OF KERN

| | |
|---|---|
| ALVIN HAYES; individually, and on behalf of other members of the general public similarly situated,<br><br>Plaintiff,<br>v.<br><br>ADVANCED DRAINAGE SYSTEMS, INC., a California corporation; and DOES 1 through 50, inclusive,<br><br>Defendants. | Case No.: BCV-17-101019  SPC<br><br>**CLASS ACTION COMPLAINT FOR DAMAGES**<br><br>(1) **VIOLATION OF LABOR CODE SECTION 226.7 AND 512;**<br><br>(2) **VIOLATION OF LABOR CODE SECTION 226.2;**<br><br>(3) **VIOLATION OF LABOR CODE SECTIONS 510 AND 1194;**<br><br>(4) **VIOLATION OF LABOR CODE SECTION 203;**<br><br>(5) **VIOLATION OF LABOR CODE SECTION 226;**<br><br>(6) **BUSINESS AND PROFESSIONS CODE SECTION 17200** *et seq.*<br><br>**DEMAND FOR JURY TRIAL** |

1
CLASS ACTION COMPLAINT FOR DAMAGES

Plaintiff Alvin Hayes ("Plaintiff") hereby submits his Class Action Complaint for Damages against Defendant Advanced Drainage Systems, Inc., and DOES 1 through 50, inclusive (collectively, "Defendants"), on behalf of himself and the Class of other similarly situated current and former employees of Defendants for meal period and rest break wages, minimum and overtime wages, and penalties as follows:

## INTRODUCTION

1. This class and representative action brought pursuant to Labor Code §§ 203, 226, 226.2, 226.7, 510, 512, 1194, Industrial Welfare Commission ("IWC") Wage Order No. 1-2001 (codified as California Code of Regulations, title 8, § 11010), and Business and Professions Code § 17200 *et seq.* (Unfair Competition Law ("UCL")).

2. This Complaint challenges Defendants' systemic illegal employment practices resulting in violations of the stated provisions of the Labor Code and corresponding IWC Wage Order against the putative class of employees.

3. Plaintiff is informed and believe and thereon allege Defendants joint and severally acted intentionally and with deliberate indifference and conscious disregard to the rights of all employees in (1) failing to pay all meal period wages and rest break wages, (2) failing to pay all minimum, straight time, and overtime wages, (3) failing to pay all wages due and owing upon termination of employment, (4) failing to provide accurate wage statements, and (5) engaging in unfair business practices.

## JURISDICTION AND VENUE

4. This class action is brought pursuant to California Code of Civil Procedure § 382. The monetary damages sought by Plaintiff exceed the minimal jurisdictional limits of the Superior Court and will be established according to proof at trial. The amount in controversy for the Class Representative as a Class Member, including claims for compensatory damages, interest, and *pro rata* share of attorneys' fees, is less than $75,000.

///

///

///

5. This Court has jurisdiction over this action pursuant to California Constitution, Article VI, Section 10, which grants the Superior Court original jurisdiction in all causes except those given by statute to other courts. The statutes under which this action is brought do not specify any other basis for jurisdiction.

6. This Court has jurisdiction over the violations of Labor Code §§ 203, 226, 226.2, 226.7, 510, 512, 558, 1174(d), 1194, 1197, 1197.1, 1198, IWC Wage Order No. 1-2001, and the UCL.

7. This Court has jurisdiction over all Defendants because, upon information and belief, each party has sufficient minimum contacts in California, or otherwise intentionally avails itself of California law so as to render the exercise of jurisdiction over it by the California courts consistent with traditional notions of fair play and substantial justice.

8. Venue is proper in this Court because, upon information and belief, the named Defendants transact business and/or have agents in this county, and the acts and omissions alleged herein took place in this county.

**PARTIES**

9. Plaintiff Alvin Hays is an individual residing in the State of California. Defendants employed Plaintiff from 1996 to October 2014. From July 2014 to October 2014, Defendants employed Plaintiff as a driver and classified him as a non-exempt employee. During his employment with Defendants, Plaintiff worked a schedule consisting of shifts in excess of eight hours per day and/or forty hours per week.

10. Defendant Advanced Drainage Systems, Inc. is a Delaware corporation licensed to do business and actually doing business in the State of California, with its principal place of business in Hilliard, Ohio. Defendant is a manufacturing company with facilities located in Bakersfield, Benicia, Madera, Perris, and Alviso, California.

///

///

///

11.     Plaintiff does not know the true names or capacities, whether individual, partner or corporate, of Defendants sued herein as DOES 1 through 50, inclusive, and for that reason, said Defendants are sued under such fictitious names, and Plaintiff prays for leave to amend this complaint when the true names and capacities are known. Plaintiff is informed and believes and thereon alleges that each of Defendants designated as a DOE was responsible in some way for the matters alleged herein and proximately caused Plaintiff and members of the general public and the Class to be subject to the illegal employment practices, wrongs and injuries complained of herein.

12.     At all times herein mentioned, Defendants, and each of them, were agents, partners, joint venturers, representatives, servants, employees, successors-in-interest, co-conspirators and assigns, each of the other, and at all times relevant hereto were acting within the course and scope of their authority as such agents, partners, joint venturers, representatives, servants, employees, successors, co-conspirators and assigns, and that all acts or omissions alleged herein were duly committed with ratification, knowledge, permission, encouragement, authorization and consent of each Defendant designated herein.

13.     As such, and based upon all the facts and circumstances incident to Defendants' business in California, Defendants are subject to Labor Code §§ 203, 226, 226.2, 226.7, 510, 512, 558, 1174(d), 1194, 1197, 1197.1, 1198, IWC Wage Order No. 1-2001, and the UCL.

## CLASS ACTION ALLEGATIONS

14.     **Definition:**  The named Plaintiff seeks class certification pursuant to California Code of Civil Procedure § 382 of all current and former non-exempt employees of Defendants who worked in California from December 16, 2012 to the present, including the following Subclasses:

(a)     **Meal Period Subclass:** all Defendants' non-exempt employees who worked one or more shifts in excess of six (6) hours in California who were not provided a 30-minute break during which they were relieved of all duties, during the period from December 16, 2012 to the present;

4
CLASS ACTION COMPLAINT FOR DAMAGES

(b) **Rest Break Subclass:** all Defendants' non-exempt employees who worked one or more shifts of three and one-half (3.5) hours or more in California who were not provided a paid 10-minute break during which they were relieved of all duties, during the period from December 16, 2012 to the present;

(c) **Overtime Subclass:** all Defendants' non-exempt employees who worked in excess of eight (8) hours in a day or forty (40) hours in a workweek and were not properly paid all overtime wages in California during the period from December 16, 2012 to the present;

(d) **Minimum Wage Subclass** all Defendants' non-exempt employees who worked in California and were not properly paid all minimum wages, including all Defendants' non-exempt employees who worked in excess of eight (8) hours in a day or forty (40) hours in a workweek and were not properly paid all overtime wages, during the period from December 16, 2012 to the present;

(e) **Straight Time Wage Subclass** all Defendant's non-exempt employees who worked in California and were not properly paid all straight time wages, including Defendants' non-exempt employees who worked and performed pre-shift and post-shift duties, worked non-productive time, and who worked in excess of eight (8) hours in a day or forty (40) hours in a workweek and were not properly paid all wages, during the period from December 16, 2012 to the present;

(f) **Piece Rate Subclass** all Defendant's non-exempt employee who worked in California and were paid on a per-load (piece rate) basis and were not properly paid all paid-rest breaks during the period from December 16, 2012 to present;

(g) **Terminated Employee Subclass:** all Defendants' non-exempt employees who worked in California during the period from December 16, 2013 to the present, and who were not properly paid all wages, including all minimum and overtime wages, and meal and rest period premiums, on termination or within 72 hours thereof.

(h) **Wage Statement Subclass:** all Defendants' non-exempt employees who worked in California, who worked off-the-clock, and were not properly paid all overtime and minimum wages, and meal and rest period premiums, and consequently received itemized wage statement that failed to accurately record their gross wages earned, total hours worked, all deductions, net wages earned, and all applicable hourly rates and the number of hours worked at each hourly rate during the period from December 16, 2012 to the present.

**15. Numerosity:** The members of the Classes are so numerous that joinder of all members would be impractical, if not impossible. Plaintiff estimates the class will be greater than 50 individuals. The identities of the members of the Class are readily ascertainable by review of Defendants' records, including payroll records.

**16. Adequacy of Representation:** Plaintiff is fully prepared to take all necessary steps to represent fairly and adequately the interests of the Class defined above. Plaintiff's attorneys are ready, willing and able to fully and adequately represent the Class and individual Plaintiff. Plaintiff's attorneys have prosecuted and settled wage-and-hour class actions in the past and currently have a number of wage-and-hour class actions pending in California courts.

**17.** Defendants administered a corporate policy, practice and/or procedure of (1) failing to pay all meal period wages and rest break wages, (2) failing to pay all minimum and overtime wages, (3) failing to pay all wages due and owing upon termination of employment, (4) failing to provide accurate wage statements, and (5) engaging in unfair business practices. Plaintiff alleges this corporate conduct is accomplished with the advance knowledge and designed with intent to willfully withhold appropriate wages for work performed by members of the Class.

///

///

///

18. **Common Question of Law and Fact:** There are predominant common questions of law and fact and a community of interest amongst Plaintiff and the claims of the Class concerning whether Defendants' policies, practices, and/or procedures, which applied consistently to Plaintiff and Class Members, regularly denied Plaintiff and Class Members meal and rest break wages, minimum and overtime wages, accurate wage statements, and all wages due and owing upon termination of employment.

19. **Typicality:** Plaintiff's claims are typical of the claims of all members of the Classes. Plaintiff is a member of the Classes and has suffered the alleged violations of Labor Code §§ 203, 226, 226.2, 226.7, 510, 512, 558, 1174(d), 1194, 1197, 1197.1, 1198, Wage Order No. 1-2001, and the UCL.

20. The Labor Code upon which Plaintiff bases his claims is broadly remedial in nature. These laws and labor standards serve an important public interest in establishing minimum working conditions and standards in California. These laws and labor standards protect the average working employee from exploitation by employers who may seek to take advantage of superior economic and bargaining power in setting onerous terms and conditions of employment.

21. The nature of this action and the format of laws available to Plaintiff and members of the Class identified herein make the class action format a particularly efficient and appropriate procedure to redress the wrongs alleged herein. If each employee were required to file an individual lawsuit, the corporate Defendants would necessarily gain an unconscionable advantage since it would be able to exploit and overwhelm the limited resources of each individual plaintiff with their vastly superior financial and legal resources. Requiring each Class Member to pursue an individual remedy would also discourage the assertion of lawful claims by employees who would be disinclined to file an action against their former and/or current employer for real and justifiable fear of retaliation and permanent damage to their careers at subsequent employment.

///

///

22. The prosecution of separate actions by the individual Class Members, even if possible, would create a substantial risk of (a) inconsistent or varying adjudications with respect to individual Class Members against the Defendants and which would establish potentially incompatible standards of conduct for the Defendants, and/or (b) adjudications with respect to individual Class Members which would, as a practical matter, be dispositive of the interest of the other Class Members not parties to the adjudications or which would substantially impair or impede the ability of the Class Members to protect their interests. Further, the claims of the individual members of the Class are not sufficiently large to warrant vigorous individual prosecution considering all of the concomitant costs and expenses.

23. Such a pattern and practice of administration of corporate policy regarding illegal employee compensation described herein is unlawful and creates an entitlement to recovery by the Plaintiff and the Class identified herein, in a civil action, for the unpaid balance of the full amount of meal period and rest break wages, and minimum and overtime wages and minimum wages, including interest thereon, attorneys' fees and costs of suit, as well as consequential damages.

24. Proof of a common business practice or factual pattern, which the named Plaintiff experienced and are representative of, will establish the right of each Class Member to recovery on the causes of action alleged herein.

25. The Class is commonly entitled to a specific fund with respect to the compensation illegally and unfairly retained by Defendants. This action is brought for the benefit of the entirety of all Class and will result in the creation of a common fund.

///

///

///

# FIRST CAUSE OF ACTION

## VIOLATION OF LABOR CODE SECTIONS 226.7 AND 512

## REGARDING MEAL PERIOD AND REST BREAK WAGES

### (AGAINST ALL DEFENDANTS BY PLAINTIFF ON BEHALF OF THE CLASS AND SUBCLASSES (a), (b) and (g))

26. Plaintiff re-alleges and incorporates by reference paragraphs 1 through 25 as though fully set forth herein.

27. Plaintiff and the Class and Subclasses (a), (b) and (g) worked one or more shifts in excess of six (6) hours. In accordance with the mandates of Labor Code § 226.7, 512, and the applicable IWC Wage Order, Plaintiff and the Class and Subclasses (a), (b) and (g) had the right to take a 30-minute meal period for every five (5) hours worked.

28. Plaintiff and the Class and Subclasses (a), (b) and (g) worked one or more shifts of three and one-half (3.5) hours or more. In accordance with the mandates of Labor Code § 226.7, 512, and the applicable IWC Wage Order, Plaintiff and the Class and Subclasses (a), (b) and (g) had the right to take a 10-minute rest break for every four (4) hours worked or major fraction thereof.

29. As a pattern and practice, Defendants did not provide employees with meal periods and rest breaks and did not provide proper compensation for this failure. Further, upon information and belief, Defendants regularly deducted a meal period from employees' hours worked, despite employees working and not taking a duty-free meal period. Further, upon information and belief, Defendants failed to accurately record meal breaks. Plaintiff and other employees, even when provided with meal and rest periods, it would be rushed, pressed to cut-short or interrupted and was not paid the proper meal and rest break premiums for these violations.

30. Defendants' policy of failing to provide Plaintiff and the Class and Subclasses (a), (b) and (g) with legally mandated meal periods and rest breaks is a violation of California law.

///

31. Such a pattern and practice of administration of corporate policy as described herein is unlawful and creates an entitlement to recovery by the Plaintiff and the Class Members identified herein, in a civil action, for the balance of the unpaid premium compensation pursuant to Labor Code § 226.7, 512, and the applicable IWC Wage Order, including interest thereon.

32. Defendants' willful failure to provide Plaintiff and the Class Subclasses (a), (b) and (g) the wages due and owing them upon separation from employment results in continuation of wages up to thirty (30) days from the time the wages were due. Therefore, Plaintiff and Class Members who have separated from employment are entitled to compensation pursuant to Labor Code § 203.

## SECOND CAUSE OF ACTION
## VIOLATION OF LABOR CODE SECTION 226.2
## REGARDING PAID REST BREAK WAGES
## (AGAINST ALL DEFENDANTS BY PLAINTIFF ON BEHALF OF THE CLASS AND SUBCLASSES (f) and (g))

33. Plaintiff re-alleges and incorporates by reference paragraphs 1 through 32 as though fully set forth herein.

34. Plaintiff and the Class and Subclasses (f) and (g) was compensated on a piece-rate basis and worked one or more shifts of three and one-half (3.5) hours or more. In accordance with the mandates of Labor Code § 226.7, 512, and the applicable IWC Wage Order, Plaintiff and the Class and Subclasses (f) and (g) had the right to take a 10-minute rest break for every four (4) hours worked or major fraction thereof.

35. As a pattern and practice, Defendants did not provide employees with paid rest breaks based on their regular rate of pay or alternatively on a minimum wage basis.

36. Defendants' policy of failing to provide Plaintiff and the Class and Subclasses (f) and (g) with legally mandated paid rest breaks is a violation of California law.

///
///

37. Such a pattern and practice of administration of corporate policy as described herein is unlawful and creates an entitlement to recovery by the Plaintiff and the Class Members identified herein, in a civil action, for the balance of the unpaid compensation pursuant to Labor Code § 226.2 and the applicable IWC Wage Order, including interest thereon.

38. Defendants' willful failure to provide Plaintiff and the Class Subclasses (f) and (g) the wages due and owing them upon separation from employment results in continuation of wages up to thirty (30) days from the time the wages were due. Therefore, Plaintiff and Class Members who have separated from employment are entitled to compensation pursuant to Labor Code § 203.

## THIRD CAUSE OF ACTION
## VIOLATION OF LABOR CODE SECTIONS 510 AND 1194
## REGARDING MINIMUM WAGES, STRAIGHT TIME WAGES, AND OVERTIME WAGES
## (AGAINST ALL DEFENDANTS BY PLAINTIFF ON BEHALF OF THE CLASS AND SUBCLASSES (c), (d), (e), (f) and (g))

39. Plaintiff re-alleges and incorporates by reference paragraphs 1 through 38 as though fully set forth herein.

40. At all times relevant herein, Defendants were required to compensate their non-exempt employees minimum wages for all hours worked and overtime wages for all hours worked in excess of eight (8) hours in a day or forty (40) hours in a workweek. Plaintiff and the Class and Subclasses (c), (d), (e), (f) and (g) worked in excess of eight (8) hours in a day or forty (40) hours in a workweek and therefore were entitled to overtime wages.

41. As a pattern and practice, Defendants regularly miscalculated overtime compensation by failing to pay overtime after eight hours per day and/or forty hours per week. This resulted in Defendants' failure to pay all overtime wages due and owing to Plaintiff the Class and Subclasses (c), (d), (e), (f) and (g).

///

CLASS ACTION COMPLAINT FOR DAMAGES

42. As a pattern and practice, Defendants regularly failed to compensate employees their minimum wages straight time and overtime wages, where applicable, for all hours worked. For example, Defendants failed to provide any compensation for the time Plaintiff and the Class Members spent in performing job duties prior to the start of their respective shifts. Furthermore, Plaintiff is informed and believes and alleges thereon that Defendant failed to properly compensate for all non-productive time and failed to pay for paid-rest breaks at least at a minimum wage. Defendants also automatically deducted 30-minutes for meal periods even when Plaintiff and the Class Members were not properly provided meal breaks according to law.

43. Such a pattern and practice of administration of corporate policy regarding illegal employee compensation as described herein is unlawful and creates an entitlement to recovery by Plaintiff and the Class and Subclasses (c), (d), (e), (f) and (g) in a civil action, for the unpaid balance of the full amount of minimum, straight time and overtime wages owing, including liquidated damages, interest, attorneys' fees, and costs of suit according to the mandate of California Labor Code § 1194.

44. Defendants' willful failure to provide Plaintiff and the Class Subclasses (c), (d), (e), (f) and (g) the wages due and owing them upon separation from employment results in continuation of wages up to thirty (30) days from the time the wages were due. Therefore, Plaintiff and Class Members who have separated from employment are entitled to compensation pursuant to Labor Code § 203.

/ / /

/ / /

/ / /

## FOURTH CAUSE OF ACTION

## VIOLATION OF LABOR CODE SECTION 203

## REGARDING WAITING TIME PENALTIES

### (AGAINST ALL DEFENDANTS BY PLAINTIFF ON BEHALF OF THE CLASS AND SUBCLASSES (a), (b), (c), (d), (e), (f) and (g))

45. Plaintiff re-alleges and incorporates by reference paragraphs 1 through 44 as though fully set for herein.

46. At all times relevant herein, Defendants were required to pay their employees all wages owed in a timely fashion at the end of employment pursuant to California Labor Code §§ 201 to 204.

47. As a result of Defendants' alleged Labor Code violations alleged above, Defendants regularly failed to pay Plaintiff and the Class and Subclasses (a), (b), (c), (d), (e), (f), and (g) their final wages pursuant to Labor Code §§ 201 to 204 and accordingly owe waiting time penalties pursuant to Labor Code § 203. These are derivative claims based on the off-the-clock pre-shift work, non-productive time, and failing to properly calculate overtime pay.

48. The conduct of Defendants and their agents and employees as described herein was willful because Defendants and their agents and employees intentionally failed to pay Plaintiff and Class Members' all wages owed and due, in violation of Plaintiff and Class Members' rights, and done by managerial employees of Defendants.

49. Defendants' willful failure to provide Plaintiff and the Class and Subclasses (a), (b), (c), (d), (e), (f) and (g) the wages due and owing them upon separation from employment results in a continuation of wages up to thirty (30) days from the time the wages were due. Therefore, Plaintiff and Class Members who have separated from employment are entitled to compensation pursuant to Labor Code § 203.

///
///
///

# FIFTH CAUSE OF ACTION

## VIOLATION OF LABOR CODE SECTION 226

## REGARDING RECORD KEEPING

**(AGAINST ALL DEFENDANTS BY PLAINTIFF ON BEHALF OF THE CLASS AND SUBCLASSES (a), (b), (c), (d), (e), (f), and (h))**

**50.** Plaintiff re-alleges and incorporates by reference paragraphs 1 through 49 as though fully set forth herein.

**51.** In violation of Labor Code § 226, Defendants failed in their affirmative obligation to keep *accurate* records regarding the rates of pay for their California employees. Plaintiff's Fifth Cause of Action is derivative of Plaintiff's First, Second, and Third Causes of Action. For example, as a result of Defendants' various Labor Code violations, including requiring Plaintiff and Class Members to work off-the-clock and who in fact did work off-the-clock, and failing to properly pay all minimum, straight time, and overtime wages, and meal and rest period premiums, failing to identify any unproductive time and paid-rest breaks, Defendants failed to keep accurate records of Plaintiff and Class Members' gross wages earned, total hours worked, all deductions, net wages earned, and all applicable hourly rates and the number of hours worked at each hourly rate.

**52.** Such a pattern and practice of administration of corporate policy as described herein is unlawful and creates an entitlement to recovery by the Plaintiff and the Class and Subclasses (a), (b), (c), (d), (e), (f) and (h) in a civil action, for all damages pursuant to Labor Code § 226, including interest thereon, reasonable attorneys' fees, and costs of suit according to the mandate of California Labor Code § 226.

/ / /

/ / /

/ / /

14
CLASS ACTION COMPLAINT FOR DAMAGES

## SIXTH CAUSE OF ACTION

## FOR VIOLATION OF BUSINESS AND PROFESSIONS CODE SECTION 17200 *et seq.*

## (AGAINST ALL DEFENDANTS BY PLAINTIFF ON BEHALF OF ALL CLASS MEMBERS)

53. Plaintiff re-alleges and incorporates by reference paragraphs 1 through 52 as though fully set for herein.

54. Defendants, and each of them, have engaged and continue to engage in unfair and unlawful business practices in California by practicing, employing and utilizing the employment practices outlined above, inclusive, to wit, by knowingly denying employees: (1) all meal period wages and rest break wages, (2) all overtime wages, straight time, and minimum wages, (3) all wages due and owing upon termination of employment, and (4) accurate wage statements.

55. Defendants' utilization of such business practices constitutes unfair, unlawful competition and provides an unfair advantage over Defendants' competitors.

56. Plaintiff seeks, on his own behalf, and on behalf of other members of the Classes and Subclasses who are similarly situated, full restitution of monies, as necessary and according to proof, to restore any and all monies withheld, acquired and/or converted by the Defendants by means of the unfair practices complained of herein.

57. The acts complained of herein occurred within the last four years preceding the filing of the complaint in this action.

58. Plaintiff is informed and believes and based thereon alleges that at all times herein mentioned Defendants have engaged in unlawful, deceptive and unfair business practices, as proscribed by California Business and Professions Code § 17200 *et seq.*, including those set forth above, thereby depriving Plaintiff and the Classes and Subclasses the minimum working condition standards and conditions due to them under the California laws and IWC Wage Orders as specifically described therein.

/ / /

/ / /

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for judgment for himself and all others on whose behalf this suit is brought against Defendants, jointly and severally, as follows:

1. For an order certifying the proposed Classes;
2. For an order appointing Plaintiff as the representative of the Classes as described herein;
3. For an order appointing counsel for Plaintiff as class counsel;
4. Upon the First Cause of Action, for all meal period and rest break wages owed, and for waiting time wages according to proof pursuant to California Labor Code §203 and for costs;
5. Upon the Second Cause of Action, for all unpaid paid-rest breaks owed, and for waiting time wages according to proof pursuant to California Labor Code § 203 and for costs;
6. Upon the Third Cause of Action, for all minimum wages owed, straight time wages owed, and overtime wages owed, and for waiting time wages according to proof pursuant to California Labor Code §203, and for costs and attorneys' fees;
7. Upon for the Fourth Cause of Action, for waiting time wages according to proof pursuant to California Labor Code § 203 and for costs;
8. Upon the Fifth Cause of Action, for damages pursuant to statute as set forth in California Labor Code § 226, and for costs and attorneys' fees;
9. Upon the Sixth Cause of Action, for restitution to Plaintiff and other similarly affected members of the general public of all funds unlawfully acquired by Defendants by means of any acts or practices declared by this Court to be in violation of Business and Professions Code § 17200 *et seq.*; and

///
///
///

10. On all Causes of Action, for attorneys' fees, interest, and costs as provided by California Labor Code §§ 218.6, 226, 226.2, 1194, and Code of Civil Procedure § 1021.5, and for such other further relief the Court may deem just and proper.

Dated: May 5, 2017                                    **JUSTICE LAW CORPORATION**

By: _____
Douglas Han
Shunt Tatavos-Gharajeh
Daniel J. Park
Joy D. Llaguno
*Attorneys for* Plaintiff

## DEMAND FOR JURY TRIAL

Plaintiff, for himself and the Class and Subclasses, hereby demands a jury trial as provided by California law.

Dated: May 5, 2017                                    **JUSTICE LAW CORPORATION**

By: _____
Douglas Han
Shunt Tatavos-Gharajeh
Daniel J. Park
Joy D. Llaguno
*Attorneys for* Plaintiff

# Service of Process Transmittal

05/11/2017
CT Log Number 531213036

**TO:** Toni DeLuca
Advanced Drainage Systems, Inc.
4640 Trueman Blvd
Hilliard, OH 43026-2438

**RE:** **Process Served in California**

**FOR:** Advanced Drainage Systems, Inc.  (Domestic State: DE)

**ENCLOSED ARE COPIES OF LEGAL PROCESS RECEIVED BY THE STATUTORY AGENT OF THE ABOVE COMPANY AS FOLLOWS:**

| | |
|---|---|
| **TITLE OF ACTION:** | ALVIN HAYES, individually, and on behalf of other members of the general public similarly situated, Pltf. vs. ADVANCED DRAINAGE SYSTEMS, INC., etc., et al., Dfts. |
| **DOCUMENT(S) SERVED:** | Summons, Complaint, Cover Sheet, Notice, Attachment(s), Stipulation and Order |
| **COURT/AGENCY:** | Kern County - Superior Court - Bakersfield, CA<br>Case # BCV17101019 |
| **NATURE OF ACTION:** | Employee Litigation - Violation Of Labor Code Sections |
| **ON WHOM PROCESS WAS SERVED:** | C T Corporation System, Los Angeles, CA |
| **DATE AND HOUR OF SERVICE:** | By Process Server on 05/11/2017 at 15:00 |
| **JURISDICTION SERVED :** | California |
| **APPEARANCE OR ANSWER DUE:** | Within 30 days after service (Document(s) may contain additional answer dates) |
| **ATTORNEY(S) / SENDER(S):** | Douglas Han<br>JUSTICE LAW CORPORATION<br>411 North Central Avenue, Suite 500<br>Glendale, CA 91203<br>818-230-7502 |
| **ACTION ITEMS:** | SOP Papers with Transmittal, via  UPS Next Day Air , 1Z0399EX0135345233<br><br>Email Notification,  Nate Hamilton  nate.hamilton@ads-pipe.com<br><br>Email Notification,  Toni DeLuca  toni.deluca@ads-pipe.com |
| **SIGNED:** | C T Corporation System |
| **ADDRESS:** | 818 West Seventh Street<br>Los Angeles, CA 90017 |
| **TELEPHONE:** | 213-337-4615 |

Page 1 of  1 / AS

Information displayed on this transmittal is for CT Corporation's record keeping purposes only and is provided to the recipient for quick reference. This information does not constitute a legal opinion as to the nature of action, the amount of damages, the answer date, or any information contained in the documents themselves. Recipient is responsible for interpreting said documents and for taking appropriate action. Signatures on certified mail receipts confirm receipt of package only, not contents.